UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIUM MERRITT RUTH,
personal representative of the
ESTATE OF SIDNEY GURLY,

        Plaintiff,                              Case No. 2:12-cv-15251
                                                            Hon. Patrick J. Duggan

v.

MICHIGAN DEPARTMENT OF CORRECTIONS,
GUS HARRISON CORRECTIONAL FACILITY,
PAUL KLEE, Warden of Gus Harrison Correctional
Facility, OFFICER LATA, ANIL PRASAD, M.D.,
ROSILYN JINHDAL, P.A., SAVITHIV KAKAN, P.A.,
DANIEL DUCATT, M.D., and nurses PAUA MEYER,
KIMBERLY MCGUIRE, BETH FRITZ, and JAMES
MACNAMARA,

                Defendants.
_____/

## OPINION AND ORDER

      This action, initiated by Marium Merritt Ruth ("Plaintiff") as personal

representative of the estate of Sidney Gurly ("Gurly"), arises from events

transpiring while Gurly was an inmate at the Gus Harrison Correctional Facility.

Plaintiff alleges that Gurly became ill after consuming a prison meal, that he

repeatedly sought medical treatment, that the treatment provided was inadequate,

and that he was ultimately found dead in his jail cell. Plaintiff, filing suit under 42

U.S.C. § 1983, contends that Defendants were deliberately indifferent to Gurly's

serious medical needs in violation of the Fourth, Eighth, and Fourteenth Amendments.  Plaintiff states two additional counts arising under the laws of the State of Michigan.

Two motions are presently before the Court: (1) a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants Prasad, Jindahl, and Kakan; and (2) Plaintiff's motion to amend filed pursuant to Federal Rule of Civil Procedure 15(a).  Having determined that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  For the reasons stated herein, the Court grants the Motion to Dismiss and denies Plaintiff's Motion to Amend as moot.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

In 2009, Plaintiff's decedent Sidney Gurly was incarcerated at the Gus Harrison Correctional Facility ("GHCF") located in Adrian, Michigan.  (Am. Compl. ¶¶ 33, 1, ECF No. 18.)  Plaintiff alleges that after eating a meal at GHCF, Gurly began "feeling ill[,] was not able to pass bowels[, and] began experiencing piercing abdominal pain which caused him to defecate, vomit and urinate blood."  (*Id.* at ¶¶ 35-36.)  Gurly, believing that he had food poisoning, "notified various unit officers that he required immediate medical attention[,]" but that these unit

officers "instructed him to wait two or three days before he could seek medical attention from the GH[CF] Healthcare facility." (*Id.* at ¶¶ 37-38.)

Gurly visited the healthcare facility on August 3, 2011, and "healthcare staff, without an examination, prescribed him cholesterol medicine[.]" (*Id.* at ¶ 39.) This cholesterol medication exacerbated Gurly's pain, so he sought medical attention again. (*Id.* at ¶ 40.) Gurly's condition left him in a weakened state, so much so that "other inmates had to assist him walking to the Healthcare facility." (*Id.* at ¶ 41.) During this visit to the healthcare facility, "the healthcare staff and Defendant GH[CF] failed and/or refused to properly medically treat Plaintiff-Decedent but instead, told him to return to his cell and ordered" that he "stay in bed." (*Id.* at ¶ 42.)

After continuing to experience pain, Gurly "notified other inmates and Defendants that he was peeing blood, could no longer stand straight, and that despite his requests for medical attention, the Defendants refused to adequately treat him." (*Id.* at ¶ 43.) At this point, "Gurly's medical needs were so apparent that other inmates . . . notified the defendants of Gurly's noticeably declining health[]" to no avail. (*Id.* at ¶ 45 (capital lettering removed).) Gurly "wrote several medical request forms ('kites') and complaints stating that his abdominal pain had not abated and that he needed extensive medical treatment; however, the Defendants failed and refused to provide adequate medical treatment." (*Id.* at ¶

3

46.)  In the early morning hours of August 6, 2012, Gurly was found deceased in

his cell.  (*Id.* at ¶ 47; Defs.' Answer to Pl.'s Am. Compl. ¶ 47.[1])

On the basis of these allegations, Plaintiff commenced this action by filing a

Complaint with this Court on November 29, 2012, naming Michigan Department

of Corrections ("MDOC"), Warden Paul Klee, Officer Latta, and seven John Does

as defendants.  The original Complaint alleges violations of 42 U.S.C. § 1983, as

well as a state law gross negligence claim (Counts I and II, respectively),

contending that the defendants were deliberately indifferent to Gurly's serious

medical needs in violation of the Fourth, Eighth, and Fourteenth Amendments.

On March 5, 2013, MDOC, Klee, and Latta filed an Answer.  The following day,

Magistrate Judge Laurie Michelson conducting a telephonic status conference with

counsel for Plaintiff and the served Defendants to discuss pending motions, and on

March 7, 2013, Magistrate Judge Michelson issued an Order summarizing the

discussions.  (3/7/13 Order, ECF No. 16.)  Of relevance to the matters presently

before the Court, Magistrate Judge Michelson's Order indicates that the served

Defendants would provide Plaintiff with certain medical records so that Plaintiff

could identify the John Doe Defendants, file an amended complaint, and serve the

John Doe Defendants within sixty days.

---

[1] In the Answer to Plaintiff's Amended Complaint filed on behalf of a group
of defendants employed by the Michigan Department of Corrections ("MDOC
Defendants"), the MDOC Defendants indicate that Gurly was seen by medical staff
on August 5, 2012.  (Defs.' Answer to Pl.'s Am. Compl. ¶ 42, ECF No. 28.)

On April 25, 2013, Plaintiff filed an Amended Complaint, identifying the John Doe Defendants and adding a third count entitled "Concert of Action."  (Am. Compl., ECF No. 18.)  On May 15, 2013, Defendants Rosilyn Jindahl, Savithiv Kakan, and Anil Prasad (the "Non-MDOC Defendants") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  (Defs.' Mot., ECF No. 24.) The remaining Defendants ("MDOC Defendants") filed an Answer to Plaintiff's Amended Complaint on May 23, 2013.  (Answer to Pl.'s Am. Compl., ECF No. 28.)  On June 20, 2013, apparently in response to the Non-MDOC Defendants' Motion to Dismiss, Plaintiff filed a Motion to Amend pursuant to Federal Rule of Civil Procedure 15(a).  (Pl.'s Mot., ECF No. 31.)  The Non-MDOC Defendants' Motion to Dismiss and Plaintiff's Motion to Amend are presently before the Court.

## II.   STANDARD OF REVIEW

### A.   Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) allows the Court to make an assessment as to whether a plaintiff's pleadings have stated a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Under the Supreme Court's articulation of the Rule 12(b)(6) standard, "[t]o survive a

---

[2] The Court notes that the Non-MDOC Defendants' filings with this Court provide the names "Rosilyn Jindal" and "Savithri Kakani."  Unless quoting from a document filed by these Defendants, the Court uses the names as they appear on the Court's Electronic Case Filing system and intends no disrespect by using the names as furnished by Plaintiff.

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)).

The facial plausibility standard requires a claimant to put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of their claims. *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1965. Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965) (internal citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).  In this regard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant" is responsible for the conduct alleged in the complaint.  *Id.* (citation omitted).

While courts are required to accept the factual allegations in a complaint as true, *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965, the presumption of truth does

6

not apply to a claimant's legal conclusions, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65) (internal citations and quotations omitted); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of [a legal transgression], the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citations omitted).

**B.    Motion to Amend**

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend a pleading once as a matter of course within twenty-one days after service of the pleading, a responsive pleading, or a motion under Rule 12(b), (e), or (f).  If a party does not amend within the timeframe provided by Rule 15(a)(1), an amendment is

7

permitted only with the consent of the opposing party or leave of the Court. Fed.

R. Civ. P. 15(a)(2). Pursuant to Rule 15(a)(2), leave to amend is to be "freely"

granted "when justice so requires. The United States Supreme Court has advised

that a plaintiff should be allowed the opportunity to test a claim on the merits if the

facts and circumstances underlying the claim suggest that it may be a proper

subject of relief. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

However, the Court further instructed that a motion to amend a complaint should

be denied if the amendment is brought in bad faith or for dilatory purposes, results

in undue delay or prejudice to the opposing party, or would be futile. *Id.*

### III.   APPLICATION

**A.   Motion to Dismiss**

The Non-MDOC Defendants seek dismissal of Plaintiff's Amended

Complaint on the basis that it "sets forth no specific facts whatsoever regarding the

alleged involvement of Dr. Prasad, P.A. Jindal, or P.A. Kakani in Plaintiff's

decedent's medical care[.]" (Defs.' Br. 3.)

Plaintiff argues that dismissal is inappropriate because the Non-MDOC

Defendants "want the [C]ourt to dismiss the lawsuit for lack of specificity about

the defendants' exact misconduct[]" even though Plaintiff has not had "the benefit

of any discovery about their specific conduct[.]" (Pl.'s Resp. to Defs.' Mot. 12.)

This result, according to Plaintiff, cannot be correct because "[i]t would require

8

Plaintiff to know and plead specifically what each individual did before the lawsuit is filed." (*Id.*)  Rather, because the instant action alleges "inadequate medical care[,] . . . it makes good sense to look" to the medical staff that "had the responsibility to provide that care." (*Id.*)

Plaintiff's Amended Complaint makes the following allegations with respect to the Non-MDOC Defendants: (1) that Dr. Prasad, physician's assistant Jindahl, and physician's assistant Kakan are all "licensed to practice in the State of Michigan, employed in the Gus Harrison Correctional Facility, . . . and at all times relevant hereto held [themselves] out to Plaintiff's decedent[] as being skilled, careful[,] and diligent in the practice of [their] profession[,]" (Am. Compl. ¶¶ 11-13); (2) that Defendants Prasad, Jindahl, and Kakan were "acting under the color of law[,]" (*id.* at ¶¶ 21-23); (3) that each of the aforementioned is being sued in his or her individual capacities, (*id.*); and (4) that "Defendants were aware of" the facts alleged in the Amended Complaint regarding Gurly's deteriorating medical condition, (*id.* at ¶ 44).  The Court agrees with the Non-MDOC Defendants that these allegations are insufficient to withstand a Rule 12(b)(6) motion.

Plaintiff's factual allegations fall woefully short of "showing" an entitlement to relief.  *See* Fed. R. Civ. P. 8(a)(2).  Plaintiff provides no provide factual content indicating how each Non-MDOC Defendant was involved in Gurly's care and makes only a vague allegation that all "Defendants were aware" of the facts

9

alleged. (Am. Compl. ¶ 44.) While Plaintiff is not required to make "detailed factual allegations[]" to survive a Rule 12(b)(6) motion, the pleading requirements imposed by Rule 8 "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965); *see also id.* ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.")(alteration in original) (quotation omitted). While Plaintiff generally alleges that "Defendants" acted improperly in each of the three counts contained in the Amended Complaint, there are no facts permitting this Court to infer that the Non-MDOC Defendants were deliberately indifferent to Gurly's serious medical needs, that they were grossly negligent, or that they acted in concert.

Plaintiff's arguments regarding the impropriety of dismissal demonstrate a fundamental misunderstanding of federal pleading requirements. Contrary to Plaintiff's assertion about not having had "the benefit of any discovery about [the Non-MDOC Defendants'] specific conduct," (Pl.'s Resp. to Defs.' Mot. 12), Plaintiff implicitly acknowledges possessing the documentation that would have allowed more specific factual allegations to be made, (*id.* at 7 (explaining that the Amended Complaint identifying the John Doe Defendants was filed after "Defendant Department of Corrections . . . allow[ed] Plaintiff's counsel to inspect the decedent's medical records to identify the defendants listed with fictitious

10

names")).   Perhaps of greater import, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678-79, 129 S. Ct. at 1950.

Moreover, while this is a case about the adequacy of medical treatment, that fact alone does not mean that Plaintiff has stated a viable claim against the medical staff that responsible for providing such treatment.  (Pl.'s Resp. to Defs.' Mot. 12.) Plaintiff's argument to the contrary fails to appreciate that factual enhancement is required to "nudge[] the[] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S. Ct at 1974.  While the allegations in Plaintiff's Amended Complaint give rise to a possibility that someone acted improperly in connection with Gurly's medical treatment, "a complaint plead[ing] facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

Having concluded that the Amended Complaint fails to state a claim against the Non-MDOC Defendants, dismissal is warranted.

## B.    Motion to Amend

After the Non-MDOC Defendants filed a motion to dismiss, Plaintiff filed a Motion to Amend arguing that "Plaintiff should be allowed to amend its complaint

to add proper parties[.]"[3]  (Pl.'s Br. 3.)   However, Plaintiff's April 25, 2013

Amended Complaint identifying the former John Doe Defendants by name was

filed in accordance with Magistrate Judge Michelson's March 7, 2013 Order, and,

is therefore already properly before the Court.  Because the proposed amendment

would not cure the deficiencies identified by the non-MDOC Defendants and

because the Amended Complaint is already properly before the Court,[4] the Court

denies Plaintiff's Motion to Amend as moot.

## IV.    CONCLUSION AND ORDER

For the reasons set forth above, the Court concludes that Plaintiff's

Amended Complaint fails to state a claim upon which relief can be granted against

the Non-MDOC Defendants.  The Court also concludes that Plaintiff's Motion to

Amend is moot as the Amended Complaint identifying the previously unnamed

John Doe Defendants has already been properly filed.

Accordingly,

**IT IS ORDERED** that the Non-MDOC Defendants' Motion to Dismiss,

(ECF No. 24), is **GRANTED** and that Plaintiff's Amended Complaint is

**DISMISSED WITH PREJUDICE** as to Defendants Prasad, Jindahl, and Kakan;

---

[3] Plaintiff did not attach a proposed amended complaint suggesting that the amendment is being sought for any reason other than to add the proper parties.

[4] That the MDOC Defendants answered Plaintiff's Amended Complaint bolsters the conclusion that the Amended Complaint has already been properly filed with the Court.

2:12-cv-15251-PJD-LJM   Doc # 33   Filed 07/24/13   Pg 13 of 13   Pg ID 190

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend, (ECF No. 31), is **DENIED AS MOOT**.

 Dated: July 24, 2013

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

**James W. McGinnis, Esq.**
**A. Peter Govorchin, AAG**
**Cori E. Barkman, AAG**
**Carly A. Van Thomme, Esq.**
**Ronald Chapman, Esq.**